UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSEPH LUTER IV
a/k/a JOE LUTER,

    Plaintiff,

vs.

SCHEEPSWERF GROOT-AMMERS B.V.
d/b/a ZEELANDER YACHTS,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Joseph Luter IV a/k/a Joe Luter, sues Defendant, Scheepswerf Groot-Ammers B.V d/b/a Zeelander, and alleges:

### JURISDICTION, VENUE, AND APPLICATION OF DUTCH LAW

1. The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because it involves citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Title 28 U.S.C. § 1367 provides the Court with supplemental jurisdiction to resolve claims that fall outside the Court's original jurisdiction.

3. Defendant, Scheepswerf Groot-Ammers B.V. d/b/a Zeelander Yachts ("Zeelander"), is subject to personal jurisdiction in the State of Florida under the following state long arm statutes:

    a. Florida Statute § 48.193(1)(a).1 - Zeelander engages in business in this State;

    b. Florida Statute § 48.193(1)(a).6 - Zeelander caused injury to

>   Plaintiff in this State arising out of acts or omissions by Zeelander outside this State;
>
>   c. Florida Statute § 48.193(1)(a).7 - Zeelander breached contractual duties in Florida by failing to refund Plaintiff's money in this State; and/or,
>
>   d. Florida Statute § 48.193(2) - Zeelander is engaged in substantial and not isolated activity within this State.

4. In accordance with Federal Rules of Civil Procedure 44.1, Plaintiff notifies the Court that its actions against Defendant Zeelander for breach of contract and breach of the duty of good faith are governed by the laws of The Netherlands.  Plaintiff's claim for fraud in the inducement is governed by Florida law since misrepresentations of material facts and the wrongful disbursal of Plaintiff's deposit took place in Florida.

5. Plaintiff, Joseph Luter IV a/k/a Joe Luter ("Luter"), fulfilled all conditions precedent to filing this action.

6. In the alternative, Zeelander has waived or forfeited any conditions precedent required of Luter before filing this action.

## THE PARTIES

7. Mr. Luter is a U.S. citizen and resident of the State of Virginia.

8. Zeelander is a Dutch recreational boat manufacturing company that maintains its principal place of business at Gelkenes 44B, 2963 AC Groot-Ammers, The Netherlands.

9. Zeelander USA, Inc. ("Zeelander USA"), is a Florida corporation that maintains its principal place of business at 2722 NE 1st Street, Suite # 4, Pompano Beach, Florida 33062.

10. Zeelander appointed Zeelander USA to act as the deposit stakeholder and hold Plaintiff's money according to the terms of the Letter of Intent at issue in this action. See Exhibit "1."

## BACKGROUND FACTS

11. Mr. Luter attended the Palm Beach Boat Show, which occurred during March 23 – 26, 2022.

12. Zeelander's Commercial Director, Menno Verslius, attended and exhibited "Zeelander" recreational vessels, including a "Zeelander 72" motor yacht, at the March 2022 Palm Beach Boat Show.

13. Mr. Luter met with Zeelander's Commercial Director, Menno Verslius, and was shown a Zeelander 72 motor yacht at the March 2022 Palm Beach Boat Show.

14. Zeelander's Commercial Director, Menno Verslius, told Luter that the Zeelander 72 was built by exceptional Dutch craftsmen in The Netherlands.

15. Zeelander's marketing materials, including YouTube videos, and the verbal representations made by its Commercial Director at the March 2022 Palm Beach Boat Show caused Mr. Luter to believe the Zeelander 72 motor yacht is constructed in The Netherlands by Dutch craftsmen.

16. Unbeknownst to Mr. Luter, the Zeelander 72 yacht structure (i.e. the hull, deck, and superstructure) is built by Muvor OU, an Estonian private limited company, at its manufacturing facility in Mullutu, Estonia, which is more than a thousand miles from The Netherlands.

17. During the March 2022 Palm Beach Boat Show, Zeelander drafted and induced Mr. Luter to enter a Letter of Intent (hereinafter "LOI" or "Agreement") to purchase

a new Zeelander 72 motor yacht (hereinafter "Yacht") upon Zeelander's representations that:

    (a)    The Zeelander 72 motor yachts were built by exceptional Dutch craftsmen in The Netherlands; and,

    (b)    Zeelander would sell a Zeelander 72 yacht directly to him. A copy of the LOI is attached hereto as Exhibit "1."

18.    When he signed the LOI, Mr. Luter relied on Zeelander's representations that exceptional Dutch craftsmen built the Zeelander 72s in The Netherlands and that Zeelander would sell a Yacht directly to him. (Exhibit "1").

19.    The LOI (Exhibit "1") contains the following terms:

> This Letter of Intent (this "Agreement") is entered into as of the date set forth on the signature page hereto by and between Scheepswerf Groot-Ammers B.V. ("Zeelander") and the individual or entity whose name appears on the signature page hereto (the "Customer").
>
> 1.    **Deposit Account.** The Customer shall deliver to Zeelander on the date hereof a … wire transfer in the amount of the Deposit [$469,500.00]. The wire details of the company are:
>
> > Bank of America
> > P.O. Box 25118
> > Tampa, FL 33622
> >
> > Account Name: Zeelander USA, Inc.
> > Account Number: [redacted]
> > ABA: [redacted]
>
> 2.    **Release of Deposit in case of entering in a Purchase Agreement.** Upon entering into a Purchase Agreement of the Yacht, between Customer and Zeelander, the Deposit will be used as (part) offset of the first installment of the Purchase Price agreed between Customer and Zeelander in the Purchase Agreement.
>
> 3.    **Release of Deposit in case of default by Zeelander.** The Customer shall be entitled (prior to the execution of a definitive purchase agreement between Zeelander and the Customer), only

4

for reason of default by Zeelander, to terminate this Agreement and demand the return of the Deposit. In addition, Zeelander may terminate this Agreement and return such funds at any time and for any reason upon written notice to the Customer.

4. **Purchase Agreement.** This Agreement does not constitute a purchase agreement with respect to a Yacht and does not contain any obligations of either party with respect thereto. Any such purchase and sale obligations shall be created, if ever, only upon the execution and delivery of a purchase agreement between the parties.

5. **Production Slot Reservation.** Upon signing of this Agreement and receipt of the Deposit [by the stakeholder] Zeelander will reserve on behalf of the Customer the current available production slot for the Yacht for a period of 21 days as of the date set forth on the signature page.

6. **Amendment; Transferability.** This Agreement may not be amended, assigned or transferred without the prior written consent of both parties hereto.

7. **Governing Law.** This Agreement shall be governed by the laws of The Netherlands.

[DocuSigned by:]

| | |
|---|---|
| Mr. Joe Luter | M. Versluis |
| Customer | Zeelander |
| Date: 3/25/2022 | 3/26/2022 |

20. The LOI provides that Zeelander will sell the Yacht directly to Mr. Luter under a separate yacht purchase agreement. Exhibit "1," opening paragraph, ¶ 2, ¶ 3, and ¶ 4.

21. The LOI provides that the Deposit shall only be released: "Upon entering into a Purchase Agreement of the Yacht, between Customer [Luter] and Zeelander [Scheepswerft Groot-Ammers B.V.]. Exhibit "1," ¶ 2.

22. The LOI also provides that the Deposit will only be applied to the first installment of the Purchase Price agreed between the Customer [Luter] and Zeelander upon the parties entering into a Purchase Agreement. Exhibit "1," ¶ 2.

5

23. Prior to the execution of a purchase agreement, Mr. Luter was entitled to terminate the LOI and demand return of the Deposit by reason of default by Zeelander. Exhibit "1," ¶ 3.

24. On May 11, 2022, Zeelander's Commercial Director, Menno Versluis, sent an email to Mr. Luter with a draft purchase agreement showing Zeelander USA, Inc. as the "Seller" and not Defendant Scheepswerf Groot-Ammers B.V. A copy of Zeelander's May 11, 2022 email and the draft Purchase Agreement is attached hereto as Composite Exhibit "2."

25. Mr. Luter objected to Zeelander USA, Inc. being named the "Seller" and this term violated the LOI"s prohibition of transferability.

26. Mr. Luter objected to other terms in the draft Purchase Agreement proffered by Zeelander, which are highlighted below:

**PURCHASE AGREEMENT**
**(New & Custom Ordered Yacht)**

Buyer's Name   Mr. Joe Luter   Date   5 May 2022
[Buyer's Phone # redacted]            Make   Zeelander
[Buyer's Email redacted]              Model  Z72
Sales Associate  Menno Versluis  Power Triple IPS1350
[Buyer's Address redacted]

**Buyer agrees to purchase *from Zeelander USA, Inc.* with its principal office at 2722 NE 1st St, Pompano Beach, Florida 33062, a yacht *manufactured* by Scheepswerf Groot-Ammers B.V., The Netherlands (Manufacturer) and assigned Manufacturer production number Z72-009, build slot #69 (the "Yacht"), in accordance with the following terms:** ….. (Emphasis added).

* * *

2. **Payment Schedule**. Buyer shall pay the Purchase Price in dollar($) in accordance with the payment schedule set forth in Exhibit C. **Buyer shall make each payment by cashier's check or wire transfer of cleared funds within 5 days of notice from Zeelander USA that payment is due**…. (Emphasis added).

6

3. **Scope of Work**.  …Manufacturer, in its sole discretion, may substitute materials or modify the Plans and Specifications to improve the safety, performance, or quality of the Yacht…

\* \* \*

5. **Changes**.  Buyer must make written requests for any changes to the Plans and Specifications, including changes to options and upgrades.  In response, Zeelander USA shall provide to the Buyer a proposed change order, stating the cost or credit for the requested change, the required extension to the estimated delivery date, and any other applicable terms… ***Buyer shall pay Zeelander USA the cost of any change order*** at the time the change order is placed.  (Emphasis added).

\* \* \*

8. **Completion**.  Zeelander USA shall notify Buyer, in writing, when the Yacht is completed, and Buyer shall have 10 days from receipt of Zeelander USA's notice to inspect the Yacht….

9. **Title Documents**.  **Upon delivery of the Yacht *and Buyer's payment of the total due*, Zeelander USA shall execute all documents necessary to transfer title to the Yacht to Buyer** free and clear of all liens, except liens asserted by outside contractors retained by Buyer or otherwise caused by Buyer.  (Emphasis added).

10. **Construction Risk**.  Buyer shall not bear risk of loss of the Yacht until delivered to Buyer… **If the Yacht sustains irreparable damage during its construction and prior to delivery, *as determined by Zeelander USA's sole discretion*, Zeelander USA, at its option, may**: (a) commence new construction within 60 days of such loss; (b) refund to Buyer all payments then received from Buyer, in which case the parties will have no further obligations to one another under this [sic].  (Emphasis added).

\* \* \*

11. **Limited Warranty**.  THE YACHT IS WARRANTED BY MANUFACTURER IN ACCORDANCE WITH MANUFACTURER'S LIMITED WARRANTY ATTACHED AS EXHIBIT D.  **ZEELANDER USA SPECIFICALLY DISCLAIMS ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE**… **BUYER'S SOLE AND EXCLUSIVE REMEDY FOR ANY CLAIM ARISING FROM A DEFECT IN THE YACHT OR ITS COMPONENTS SHALL BE REPAIR OR REPLACEMENT OF**

**THE DEFECT OR DEFECTIVE PART UNDER MANUFACTURER'S LIMITED WARRANTY. IN NO EVENT SHALL ZEELANDER USA BE LIABLE TO BUYER FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING FROM ZEELANDER USA'S ALLEGED DEFAULT UNDER THIS AGREEMENT OR BUYER'S PURCHASE AND USE OF THE YACHT.** (Emphasis added).

\* \* \*

17. **Zeelander USA's Default**.  If Zeelander USA defaults in the performance of its obligations under this Agreement and such default is not cured within 90 days following receipt of notice from Buyer regarding the default, Buyer, as its sole remedy, shall be entitled to a return of all payments made to Zeelander USA pursuant to this Agreement.  ***Buyer acknowledges that a portion of the Purchase Price received from Buyer, will be paid by Zeelander USA to Manufacturer as progress payments toward the construction of the Yacht.  <u>In lieu of the return of all payments to Buyer in the event of default</u>***<u>, *Zeelander USA, at its sole option, may assign to Buyer its rights against Manufacturer relating to the Yacht to the extent of its payments to Manufacturer on account of the Yacht, and the obligation of Zeelander USA to return the payments, paid by Buyer shall be limited to the difference between the total payments, made by Buyer to Zeelander USA and the total payments made by Zeelander USA to Manufacturer*</u>***.*** (Emphasis added).

18. **Miscellaneous**.  This Agreement shall be governed by the internal laws of the State of Florida, both as to interpretation and performance…. (Emphasis added).

\* \* \*

27. Mr. Luter objected to Zeelander's draft Purchase Agreement on the following grounds:

    a. Zeelander USA is identified as the "Seller," and not Defendant Zeelander.  Simply stated, the Purchase Agreement did not put Luter into direct contractual privity with Zeelander.  Mr. Luter could not sue Zeelander for breach of

8

        contract, or breach of implied warranties of merchantability or fitness without being in contractual privity with Zeelander. Privity of contract is a necessary element to sue Zeelander under Florida law and/or the laws of The Netherlands.

b. Zeelander USA disclaimed all express and implied warranties, including the implied warranties of merchantability and fitness. In the event of default, Mr. Luter's sole remedy would be to sue Zeelander USA for a refund of the purchase money that Zeelander USA kept after it paid the Defendant unspecified progress payments towards the construction of the Yacht. To recover the balance of his purchase money after default, Luter would have to obtain an assignment from Zeelander USA of its rights against Zeelander, and then sue Zeelander to collect the balance of his money based on Zeelander USA's rights, whatever those rights might be. Mr. Luter was never provided a copy of the contract between Zeelander USA and Defendant Zeelander so it's unclear what, if any rights at all, Zeelander USA could assign to Mr. Luter.

c. Under the LOI, Defendant Zeelander agreed to sell a new build Zeelander 72 directly to Mr. Luter. This contractual arrangement placed Luter in direct contractual privity with Defendant Zeelander. In addition, Luter would obtain the implied warranty of merchantability because a warrantor, like

9

      Zeelander, is not allowed to disclaim implied warranties under the federal Magnuson Moss Warranty Act, Title 15 U.S.C. § 2308 ("No supplier may disclaim or modify…any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer….").

d. Mr. Luter wanted to be in direct contractual privity with Defendant Zeelander so he could make progress payments directly to Zeelander and avoid potential problems with Zeelander USA not forwarding the money or otherwise breaching the contractual relationship between Zeelander USA and Defendant.

e. Mr. Luter wanted to own the Yacht and its subcomponent parts during the build process as security for the millions of dollars he would pay for the Yacht's construction and to avoid claims asserted by Zeelander's creditors or problems related in the event of Zeelander's future insolvency.  Owning the Yacht during construction is one way to secure Luter's interests.  It prevents Defendant Zeelander's secured creditor(s) from making claim to the Yacht if Zeelander failed to pay its debts.  If Zeelander went into bankruptcy or its equivalent in The Netherlands, Luter would be able to take the Yacht and have someone else finish it.  However, if Zeelander owned the Yacht until final payment was made or

    f. Mr. Luter's ownership of the Yacht during construction would also allow him to become a named or additional insured on Zeelander's builder's risk insurance policy. If the Yacht was seriously damaged or destroyed during construction, then Luter would receive payment directly from the builder's risk insurer for his interest in the Yacht.

  28 Mr. Luter spent a great deal of time with Zeelander discussing the issues described in ¶ 27 (a) through (f).

  29 One of the terms discussed at length was Luter's requirement that he be identified as the owner of the Yacht during its construction for his protection under Dutch law.

  30 Zeelander informed Luter that he could be secured in the transaction by registering him as the owner of the "vessel under construction" with the local Dutch land registration office in Rotterdam.

  31 However, Mr. Luter later learned from Zeelander's Dutch counsel that the Yacht would be registered in Luter's name at the local Dutch land office "***only once the yacht arrived in The Netherlands***."

  32 Zeelander's counsel's comment that the Yacht could be registered in Luter's name only upon the Yacht's arrival in The Netherlands prompted Luter to ask: "What country would the Yacht be arriving from?"

11

if it went bankrupt, Luter would have to stand in line with the other unsecured creditors hoping to recover some of his money from the bankruptcy or its equivalent.

33    Defendant Zeelander then revealed for the first time on July 26, 2022, that the Yacht's structure (i.e. the hull, deck, and superstructure) is actually built by an Estonian company named Muvor OU, in Mullutu, Estonia, which is more than a thousand miles away from The Netherlands.

34    Upon learning the Yacht was not actually built by exceptional Dutch craftsmen in The Netherlands and that Zeelander would not agree to be the "Seller" in the Yacht Purchase Agreement, Mr. Luter demanded Zeelander return his $469,500.00 deposit because Defendant was in default under the LOI.

35    At this point, Mr. Luter was informed that the stakeholder, Zeelander USA, Inc., had disbursed his $469,500.00 deposit to Defendant Zeelander, which disbursal occurred after Zeelander's breach of the LOI and before the parties signed a Purchase Agreement.

36    Mr. Luter has made repeated demands for Defendant Zeelander to return his $469,500.00 deposit without success.

37    Defendant Zeelander drafted the LOI.

38    Defendant Zeelander refuses to return Mr. Luter's deposit money despite it breaching the LOI it drafted.

39    In the event of an ambiguity in the LOI, the ambiguous term should be construed in favor of Mr. Luter.

## COUNT I
## FRAUD IN THE INDUCEMENT

40    Plaintiff, Luter, realleges ¶¶ 1 through 36, and 38 of the Complaint as if fully set forth herein.

41	The Netherlands recreational boat manufacturing industry (e.g. Amels, Hakvoort, Royal Huisman, De Vries, Royal Van Lent, Heesen, Vitters, Oceanco, etc.) has a world-wide reputation for building high quality yachts in The Netherlands.

42	Zeelander's Commercial Director, Menno Verslius, told Mr. Luter at the March 2022 Palm Beach Boat Show that Zeelander constructs the Yacht in The Netherlands using exceptional Dutch craftsmen.

43	Zeelander knew the Yacht's structure (i.e. the hull, deck and superstructure) would be built by Muvor OU, in Mullutu, Estonia.

44	Zeelander's representatives did not inform Mr. Luter that the Yacht's structure would be built by Muvor OU in Estonia before Luter signed the March 26, 2022 LOI and wired the $469,500.00 deposit to the stakeholder Zeelander USA, Inc.'s Bank of America account.

45	Zeelander's Commercial Director, Menno Verslius, also told Luter that he would contract directly with Zeelander to build the Yacht just as the language in the LOI indicated.  (See Exhibit "1," ¶ 2 and ¶ 4).

46	Mr. Luter, to his detriment, relied on Defendant Zeelander's representations that the Yacht would be constructed in The Netherlands using exceptional Dutch craftsmen and that he would be contracting directly with Zeelander to build the Yacht when he signed the March 26, 2022 LOI and wired the $469,500.00 deposit money.

47	Defendant Zeelander fraudulently induced Mr. Luter to sign the LOI and send the $469,500.00 deposit by making these misrepresentations of material facts.

48	Mr. Luter sustained damages, including loss of his $469,500.00 deposit, as a direct or proximate result of Zeelander's misrepresentations about the Yacht's construction

and the identity of the Yacht's "Seller."

WHEREFORE, Plaintiff, Joseph Luter IV, demands the Court enter judgment in his favor against Defendant, Scheepswerf Groot-Ammers B.V. d/b/a Zeelander Yachts, and award him damages, costs and such further relief the Court deems proper.

## COUNT II
## BREACH OF CONTRACT

49   Plaintiff, Luter, realleges ¶¶ 1 through 39 of the Complaint as if fully set forth herein.

50   Zeelander breached the March 26, 2022 LOI by one or more of the following acts of default:

    a.   Zeelander was not constructing the hull, deck, and superstructure of the Zeelander 72 with its own Dutch craftsmen in The Netherlands;

    b.   Zeelander would not contract directly with Mr. Luter to construct the Yacht;

    c.   Zeelander refused to allow Mr. Luter to make direct payments to Zeelander to construct the Yacht;

    d.   Zeelander was unable to provide Mr. Luter ownership of the Yacht as it was being constructed because another company, Muvor OU, was to fabricate the Yacht's structures (i.e. hull, deck, and superstructure) in Estonia;

    e.   Zeelander was unable to have Mr. Luter be either a named or additional insured on Zeelander's builder's risk policy while the Yacht's hull, deck, and superstructure were fabricated by

        Muvor OU in Estonia;

    f.    Zeelander instructed Zeelander USA to send the deposit money to Zeelander before Zeelander and Mr. Luter signed a Purchase Agreement and after Zeelander breached the LOI's non-transferability provision;

    g.    Zeelander refused to return or refund Mr. Luter's deposit money in accordance with his demands; and,

    h.    Other breaches or defaults that may be revealed through discovery.

51    Mr. Luter sustained damages, including the loss of his $469,500.00 deposit, as a direct or proximate result of Zeelander's breach of the Agreement.

WHEREFORE, Plaintiff, Joseph Luter IV, demands the Court enter judgment in his favor against Defendant, Scheepswerf Groot-Ammers B.V. d/b/a Zeelander Yachts, and award him damages, costs and such further relief the Court deems proper.

## COUNT III
## BREACH OF DUTY OF GOOD FAITH

52    Plaintiff, Luter, realleges ¶¶ 1 through 39 of the Complaint as if fully set forth herein.

53    Under Dutch law, Defendant Zeelander owed a duty of good faith to provide a Purchase Agreement in conformity with the March 26, 2022 LOI.

54    Defendant Zeelander breached its duty of good faith by not providing a purchase agreement in conformity with the LOI and refusing to contract directly with Luter to construct and sell him the Yacht.

55    Defendant Zeelander also breached its duty of good faith by breaching the

prohibition on transferring its obligations under the LOI by drafting a proposed Purchase Agreement with Zeelander USA, Inc. being the "Seller" and Defendant Zeelander (Scheepsweft Groot-Ammers B.V.) not even being a party to the Purchase Agreement.

56   In addition, Zeelander breached its duty of good faith by not disclosing to Mr. Luter that the Yacht's structure (i.e. hull, deck, and superstructure) was not built by it in The Netherlands before Luter signed the LOI.

57   Mr. Luter incurred unnecessary attorney's fees by having his counsel work on revisions to the draft Yacht Purchase Agreement without knowing the full details about how the Yacht is built.

58   For example, Mr. Luter's counsel spent time working on a method to secure Luter's ownership of the Yacht while it was under construction only to find out from Zeelander's lawyer that the Yacht is not actually even built in The Netherlands but is made by another company, Muvor OU, in Estonia.

59   Since the Yacht is made by Muvor OU in Estonia, that presented additional unacceptable risks such as: (a) what happens if Zeelander fails to pay Muvor OU to build the Yacht; (b) what happens if Muvor OU goes into bankruptcy or receivership before the Yacht is delivered to Zeelander; (c) how can Mr. Luter's ownership interest be protected under Estonian law; (d) if Muvor OU went bankrupt, then who can complete the Yacht; (e) if the Yacht had to be transported by cargo carrier from Muvor OU's facility to another boat builder, then what types of issues are presented with shipping the Yacht as cargo on an ocean carrier and what type of cargo insurance, if any, can be obtained to insure the incomplete Yacht; (f) and other risks of loss associated with having yet another entity involved in the Yacht's construction.

60  Mr. Luter sustained damages, including loss of his $469,500.00 deposit, unnecessary attorney's fees, and other losses as a direct or proximate result of Zeelander's breach of duty of good faith.

WHEREFORE, Plaintiff, Joseph Luter IV, demands the Court enter judgment in his favor against Defendant, Scheepswerf Groot-Ammers B.V. d/b/a Zeelander Yacht, and award him damages, costs, and such further relief the Court deems proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff, Joseph Luter IV, demands a jury trial of all claims alleged in this suit.

Dated: January 5, 2023.

Respectfully submitted,

BY: */s/ Farris J. Martin III*

FARRIS J. MARTIN III
Florida Bar. No. 879916
JAMES W. STROUP
Florida Bar No. 842117
STROUP & MARTIN, P.A.
*Attorneys for Plaintiff*
119 Southeast 12th Street
Fort Lauderdale, Florida 33316
Telephone: (954) 462-8808
Email: fmartin@strouplaw.com
Email: jstroup@strouplaw.com

### **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct of the foregoing has been electronically filed with this Court's CM/ECF docketing system this 5th day of January 2023.

By: */s/ Farris J. Martin III*
FARRIS J. MARTIN III
Florida Bar No.: 879916