UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80011-AMC

JOSEPH LUTER, IV,

    Plaintiff,

v.

SCHEEPSWERF GROOT-AMMERS B.V.
d/b/a ZEELANDER YACHTS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR FORUM NON CONVENIENS (ECF NO. 17)

Defendant Scheepswerf Groot-Ammers B.V. d/b/a Zeelander Yachts ("SGA") moves for dismissal of Joseph Luter's complaint on the basis of forum non conveniens (the "Motion"). ECF No. 17. The Motion was referred to me by the Hon. Aileen M. Cannon. ECF No. 25. I have reviewed the Motion (ECF No. 17), Mr. Luter's Response in Opposition to the Motion (ECF No. 20), and SGA's Reply (ECF No. 24). For the reasons stated below, it is **RECOMMENDED** that the Motion be **DENIED.**

I.     BACKGROUND

Mr. Luter brings a three-count complaint alleging fraud in the inducement under Florida law (Count I), breach of contract under the law of the Netherlands (Count II), and breach of duty of good faith under the law of the Netherlands (Count III). ECF No. 1. SGA is a recreational boat manufacturer with its principal

place of business in the Netherlands. ¶8.[1] It has a Florida-based U.S. affiliate named Zeelander USA, Inc. ¶9.

In March 2022, when Mr. Luter was at the Palm Beach Boat Show, he met with SGA's Commercial Director, Menno Verslius, who showed Mr. Luter a Zeelander 72 motor yacht. ¶13. Mr. Verslius told Mr. Luter that the Zeelander 72 was "built by exceptional Dutch craftsmen in The Netherlands." ¶14. SGA then drafted and sent Mr. Luter a Letter of Intent ("LOI") to purchase a Zeelander 72. ¶17. The LOI said that Mr. Luter would pay a nonrefundable deposit to reserve a production slot and that the agreement was governed by the laws of the Netherlands. ¶19. The LOI anticipated that the parties would sign a separate Purchase Agreement. ¶¶20, 21.

During the process of negotiating the second agreement for the actual purchase of the yacht, Mr. Luter discovered that the yacht structure for the Zeelander 72 is built in Estonia and not in the Netherlands. ¶33. He also discovered that he would be contracting with Zeelander USA, Inc., a Florida corporation, and not with SGA directly. ¶34. Mr. Luter then demanded that SGA return his deposit because it was in default under the LOI. *Id.* SGA refused to return Mr. Luter's deposit. ¶38.

Mr. Luter brings this lawsuit to recoup his deposit. ECF No. 1. SGA moves to dismiss the complaint for forum non conveniens. ECF No. 17.

---

[1] Unless otherwise noted, citations to a paragraph ("¶") refer to the Complaint, ECF No. 1. SGA has not contested the facts alleged in the Complaint, so I accept them as true and view those facts in the light most favorable to Mr. Luter. *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1336 (11th Cir. 2020).

II. LEGAL PRINCIPLES

The Eleventh Circuit in *Otto Candies* summarized the relevant legal principles:

> *Forum non conveniens*, a common law doctrine, provides that a district court has inherent power to decline to hear a case in which there is proper jurisdiction and venue. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). It is a flexible tool, used to prevent litigation that would "establish oppressiveness and vexation to a defendant out of all proportion to [the] plaintiff's convenience" or that is unsuitable for the domestic forum because of "the court's own administrative and legal problems." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)) (alterations omitted).
>
> Because the plaintiff's forum choice "should rarely be disturbed," *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839, a *forum non conveniens* dismissal is subject to three conditions. First, as a threshold matter, a court should not dismiss an action for *forum non conveniens* unless there is an adequate and available alternative forum. *See Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir. 2001). Second, the balance of the relative private and public interests must weigh in favor of dismissal to justify invocation of the doctrine. *See id.* Private interests include the parties' relative ease of access to sources of proof, access to witnesses, ability to compel testimony, the possibility of viewing the premises, and the enforceability of a judgment. *See Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839. Public interests include a sovereign's interests in deciding the dispute, the administrative burdens posed by trial, and the need to apply foreign law. *See id.* at 508–09, 67 S.Ct. 839. Third, the plaintiffs must be able to reinstate their suit in the alternative forum without undue inconvenience or delay. *See Leon*, 251 F.3d at 1310–11. "A defendant has the burden of persuasion as to all elements of a *forum non conveniens* motion[.]" *Id.* at 1311. [ ]
>
> With respect to the private interests, courts begin with the presumption that a domestic plaintiff has chosen a sufficiently convenient forum, and it is therefore incumbent upon the defendant "to prove vexation and oppressiveness that are out of all proportion to the plaintiff's convenience." *Id.* at 1314 (internal quotation marks and citation omitted). A defendant invoking *forum non conveniens* with respect to a domestic plaintiff therefore "bears a heavy burden in opposing the

3

> plaintiff's chosen forum." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). The defendant must offer "positive evidence of unusually extreme circumstances," and the district court must be "thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica*, 382 F.3d 1097, 1101 (11th Cir. 2004) (quoting *Burt v. Isthmus Dev. Co.*, 218 F.2d 353, 357 (5th Cir. 1955)).

963 F.3d at 1338–39 (brackets in original).

To summarize, a federal court can invoke the doctrine of *forum non conveniens* to dismiss an action brought by a United States citizen plaintiff only in exceedingly rare cases of manifest material injustice. It is necessary that (1) an adequate alternative forum is available, (2) public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. A forum is adequate unless the remedy it provides is "so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft Co.*, 454 U.S. at 254. The defendant must also be amenable to process in the alternative forum. *Satz v. McDonnell Douglas Corp.*, 244 F. 3d 1279, 1282 (11th Cir. 2001). A suit can be reinstated in the alternative forum without undue prejudice if the plaintiff can bring it there before the statute of limitations expires. *Leon*, 251 F.3d at 1311. In assessing this third factor, courts also look at inconvenience, such as expenses for travel. *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1272 (11th Cir. 2009)

### III. PARTIES' ARGUMENTS

*1.     Availability of an Adequate Alternative Forum*

SGA argues that the Netherlands is an adequate alternative forum because Dutch law recognizes the claims asserted and other federal courts have found the Netherlands to be an adequate forum. ECF No. 17 at 3–4. SGA relies on the declaration of Pieter A. Den Haan, a lawyer from the Netherlands ("Den Haan Declaration"). ECF No. 17-1. Mr. Den Haan swears that Dutch law recognizes causes of action for fraudulent inducement, breach of contract. He further swears that there is a five-year statute of limitations for contract actions and a three-year statute of limitations for frauds. He also swears that a U.S. judgment would be enforceable in the Netherlands only after a separate proceeding before a Dutch court. *Id.*[2]

Mr. Luter responds that SGA did not prove that the Netherlands is an adequate forum because the Den Haan declaration omits important information about the foreign forum. ECF No. 20. at 8. Some of these issues include (1) whether a Netherlands court is willing to hear this dispute when all the materials are written in English and the events occurred in Florida; (2) whether Mr. Luter would be able to sue Zeelander USA, Inc., in the Netherlands, (3) whether a Dutch court would apply Florida's two year statute of limitations for fraud claims, (4) how service of process is made under Dutch law and if SGA can oppose service; and (5) whether

---

[2] The Court can consider the Den Haan Declaration under Federal Rule of Civil Procedure 44.1 which says, "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."

5

Dutch law would allow Mr. Luter to serve process on Zeelander USA, Inc. *Id.* at 8–9. Mr. Luter also argues that SGA has not agreed to waive service of process or appear in Dutch court and that they might be able to avoid service in the foreign forum. *Id.* at 9.

    2.    *Private and Public Factors*

SGA argues that both private and public interest factors weigh in favor of dismissal. ECF No. 17 at 4. SGA argues that private interest factors favor dismissal because the claims are centered around Mr. Luter's contractual relationship with SGA, a Dutch company that is based in the Netherlands. *Id.* at 5. Further, the fraud in the inducement claim is based upon the false statements that the yachts are assembled in the Netherlands. *Id.* It also argues that the relevant documents and most of the witnesses, including Menno Verslius, the salesman who interacted with Mr. Luter, and Robert Voordendag, with whom Mr. Luter discussed the never-executed purchase and sale agreement, are in the Netherlands. *Id.* In addition, the facility where the yachts are manufactured is also in the Netherlands. *Id.* SGA also asserts that because Mr. Luter lives in Virginia, he would have to travel for the lawsuit anyway. *Id.*

For the public factors, SGA argues that the Netherlands has a superior interest in determining the standards of conduct and the scope of liability for companies that do business there. *Id.* at 6. In addition, SGA argues that Dutch law applies to two out of the three counts alleged and the third count requires a choice of law analysis. *Id.* SGA further asserts that under Dutch law Mr. Luter would be required to commence

6

judicial proceedings in the Netherlands to enforce any judgment. *Id.* at 7. Also, SGA argues that Florida juries have no interest in deciding a dispute where they would have to apply Dutch law. *Id.*[3]

Mr. Luter argues that the private and public interest factors weigh in favor of his chosen forum. ECF No. 20 at 10. For private interest factors, Mr. Luter argues that it cannot be oppressive for SGA to be sued in Florida because the SGA's general manager, Robert Voordendag, is in Florida. *Id.* It is Mr. Luter's position that SGA failed to address many issues regarding private interest factors including: (1) the Dutch rules for discovery; (2) whether Dutch law provides for taking testimony of witnesses in the United States; and (3) whether Dutch law provides for compulsory process for attendance of unwilling witnesses for deposition and/or trial. *Id.* at 11–12. Further, there are many important witnesses located in Florida that Mr. Luter wants to depose. *Id.* at 12. Additionally, the costs of obtaining certified Dutch translations of the documents and records will be unduly expensive for Mr. Luter. *Id.* at 13. Mr. Luter asserts that he will be deprived of a jury trial if the case is dismissed as the Netherlands does not have a jury trial system. *Id.* at 14.

For public interest factors, Mr. Luter argues that as a U.S. citizen he has a right for his claims to be heard in U.S. district court before a jury. *Id.* at 15. He also believes that Florida residents have an interest in this action because South Florida

---

[3] SGA also argues that Florida courts are currently clogged with tens of thousands personal injury cases in both state and federal court that were filed just before the passage of recent changes in Florida law. *Id.* That statement is incorrect. This Court is not clogged with personal injury cases. We continue to be among the fastest jurisdictions in the country at resolving civil cases.

7

is considered the "Yachting Capital of the World." *Id*. There have also been many similar lawsuits in Florida. *Id*.

In its Reply, SGA submitted a supplemental declaration from Mr. De Haan addressing several of Mr. Luter's points. ECF No. 24-1. Mr. De Haan swears that (1) the Dutch court will have jurisdiction over SGA, (2) parties in Dutch proceedings can obtain documents from third parties, (3) a Dutch court can compel testimony and evidence from foreign witnesses through international treaties and/or letters rogatory, and (4) this case should conclude within 12-18 months in the courts of the Netherlands. *Id*.

> 3. *Plaintiff's Ability to Reinstate his Suit in the Alternative Forum Without Undue Inconvenience or Prejudice*

SGA argues, based on the De Haan Declaration, that Mr. Luter will be able to reinstate this lawsuit in the Netherlands before the statute of limitations expires. ECF No. 17 at 7-8. Mr. Luter responds that he may amend the complaint to add Zeelander USA as a defendant and there is no guarantee that Zeelander USA can be sued in the Netherlands. ECF No. 20 at 16.

## IV.   DISCUSSION

SGA has not met its high burden of showing that this Court should deprive a United States citizen of his chosen forum. Even assuming the Netherlands provides an adequate alternative forum and Mr. Luter could reinstate this case in the Netherlands, SGA has not shown that the balance of the relevant public and private interest factors mandates requiring Mr. Luter to litigate his claims in the Netherlands.

The claims in this case all relate to the LOI — whether Mr. Luter was fraudulently induced to sign it and whether SGA breached it. The LOI was signed in Florida after face-to-face meetings between Mr. Luter and a representative of SGA in Florida. It is alleged that false and fraudulent representations were made in Florida to induce Mr. Luter to sign the LOI. In reliance on the LOI, Mr. Luter wired the deposit that is at the core of this litigation to Zeelander USA, Inc., a Florida corporation; that wire transfer went to Bank of America in Tampa, Florida. ¶44; ECF No. 1-2 at 2. At all relevant times, Mr. Luter remained in the United States. SGA sent communications to him in the United States.

SGA has met its burden of showing that the Netherlands is an adequate forum. The uncontested De Haan Declaration establishes that Dutch law allows for Mr. Luter's claims to be litigated and resolved in the Netherlands. And, SGA has agreed to make itself amenable to process there. SGA's Reply adequately and persuasively refutes Mr. Luter's other arguments. *See* ECF No. 24 at 1-3.

The private interest factors weigh in favor of Mr. Luter. SGA has not shown that the Dutch courts provide more ready access to witnesses and evidence necessary to resolve these claims. This Court is in a better position than a Dutch court to compel evidence found in the United States. This Court also can compel evidence in the possession, custody, and control of SGA or Zeelander USA, including evidence about what Mr. Verslius and Mr. Voordendag said and did as agents of SGA. *See* Fed. R. Civ. P. 30(b)(6). And, this Court is equally capable of requesting international evidence from third parties through the same channels the Dutch courts would use.

SGA has not shown what third party evidence would be necessary and why it is not equally accessible through this Court. Moreover, international evidence collection has become easier and less expensive because of the increased existence of electronically-stored records and the use of video teleconferencing capabilities for depositions.

Although SGA argues that it may be necessary to inspect its construction facility in the Netherlands, it does not explain why such an inspection would be required. The gravamen of the complaint is that SGA lied about where the vessel was being manufactured. That issue seemingly can be addressed without a physical inspection of the manufacturing location. *See* Fed. R. Civ. P. 26(b)(1) (proportionality of discovery depends, in part, on "the importance of the discovery in resolving the issues" presented by the parties' claims and defenses).

The fact that Mr. Luter may need to bring a judgment enforcement action in the Netherlands does not make a Florida forum less convenient for SGA. Neither does the fact that Mr. Luter chose to file this lawsuit outside of his home state of Virginia.

On the public interest factors, Florida has a strong interest in policing alleged frauds committed within its territory and in enforcing its own substantive laws.[4] The United States has "a strong federal interest in making sure that plaintiffs who are United States citizens generally get to choose an American forum for bringing suit, rather than having their case relegated to a foreign jurisdiction." *Esfeld v. Costa*

---

[4] A Court only must consider the public interest factors if the private interest factors are "at or near equipoise." *See, e.g., Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283 (11th Cir. 2009). The private interest factors here are not equally balanced. Nevertheless, in the interest of completeness, I will discuss the public interest factors.

10

*Crociere, S.P.A.*, 289 F.3d 1300, 1311 (11th Cir. 2002). On the other hand, the Dutch courts also have an interest in policing the way a Dutch corporation conducts its business. Regardless of the forum, the presiding court will have to apply foreign law. At best for SGA, the public interest factors are neutral.

It is not necessary for me to resolve whether Mr. Luter could reinstate his case in the Netherlands before the statute of limitations expires. Even if he could, the overall balancing of interests would lead to the same conclusion.

## V. CONCLUSION

SGA has not met its heavy burden to dismiss the case on *forum non conveniens* grounds.

## REPORT AND RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the District Court **DENY** SGA's motion to dismiss.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 17th day of August 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE